UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS H. IBBISON, | ) | 3:23-CV-1379 (SVN) |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LT. SCAGLIARNI, *et al.*, | ) | |
| *Defendants*. | ) | December 19, 2025 |

## OMNIBUS RULING AND ORDER

Sarala V. Nagala, United States District Judge.

Plaintiff is an incarcerated individual housed at Corrigan-Radgowski Correctional Institution, asserting claims under 42 U.S.C. § 1983 for violations of his constitutional rights during his custody at MacDougall-Walker Correctional Institution. Following entry of a scheduling order for this case, Assistant Attorney General ("AAG") Graham-Days, counsel of record for Defendants in the case, missed a series of deadlines and failed to respond to the Court's related orders. At the Court's prompting, Plaintiff filed a motion for default judgment, which Defendants have opposed. Defendants have also filed an untimely motion to dismiss, without the Court having granted their motion for extension of time to file a dispositive motion. The Court held a hearing on these matters on November 24, 2025, and now issues this ruling and order resolving these motions, as well as Plaintiff's other related motions.

I. **FACTUAL BACKGROUND**

On July 25, 2025, the Court entered a scheduling order setting certain deadlines to govern the action. ECF No. 84. The order provided that "no discovery request may be propounded until October 10, 2025." Scheduling Order, ECF No. 84 at 4. It has since come to light that Plaintiff never received a copy of the scheduling order attachment; instead, he received only a printout of

the dates contained in the docket text entry and thus was not aware of this restriction on when discovery requests could be made.

The Court's scheduling order also set the dispositive motion and answer deadline as October 3, 2025. *Id.* at 4. On October 23, 2025, Plaintiff filed a notice alerting the Court that Defendants had yet to answer or otherwise respond to his second amended complaint. Pl.'s Not., ECF No. 99. In the ensuing weeks, the Court entered orders requiring Defendants to respond to the allegations in Plaintiff's notice and to show cause under the Local Rules as to why their failure to litigate this action did not justify awarding sanctions. *See* Orders, ECF Nos. 100, 101. The Court's orders were met uniformly with silence.

Then, still without having replied to either of the Court's previous orders, on November 7, 2025, Defendants filed a motion for extension of time until November 12, 2025, to file a dispositive motion. Defs.' Mot. for Ext. of Time, ECF No. 110. The motion alleged numerous reasons for why Defendants could not meet the Court's deadlines, including staffing shortages at the State Attorney General's Office, AAG Graham-Days' own heavy caseload, and AAG Graham-Days' international travel from October 17 through October 26, 2025, during which she was logged out of the PACER filing system and could not upload documents. *Id.* at 1–3. Without a ruling on that pending motion for extension of time, Defendants next proceeded to file a motion to dismiss Plaintiff's second amended complaint, *see* Mot. to Dismiss, ECF No. 112, on November 13, 2025, missing, unsurprisingly, their own self-imposed deadline.

On November 24, 2025, the Court held a hearing on Defendants' motion for extension of time and requested the presence of AAG Graham-Days' supervisor to discuss her caseload and ability to properly represent her clients in this action. *See* Order on Hr'g, ECF No. 131. On the record at the hearing, the Court reiterated that should Defendants wish to file any opposition to

Plaintiff's motion for default judgment or the Court's order to show cause as to why it should not impose sanctions, they must do so by November 25, 2025. *Id*. Defendants proceeded to file both a response to the Court's show cause order and an objection to Plaintiff's motion for default judgment. *See* Response to Show Cause Order, ECF No. 137; Obj. to Mot. for Default, ECF No. 138.

In the interim and subsequently, Plaintiff has filed numerous motions relevant to this decision. For the sake of clarity, the Court enumerates his pending motions as follows:

- An emergency motion for default judgment at ECF No. 118;
- A motion to strike Defendants' motion to dismiss at ECF No. 124;
- A motion to appoint counsel at ECF No. 132;
- A motion to stay the deadline to respond to Defendants' motion to dismiss pending appointment of counsel at ECF No. 134;
- A motion to strike Defendants' motion for an extension of time to file a dispositive motion at ECF No. 136;
- A motion for sanctions at ECF No. 151;
- A motion for clarification on the Court's order staying pleading deadlines related to Defendants' motion to dismiss at ECF No. 152; and
- A subsequent motion for sanctions, referral to a judicial grievance panel, and the assignment of additional counsel from the AAG' office at ECF No. 154.[1]

The Court addresses these pending motions in this ruling.

---

[1] At ECF No. 153, Plaintiff also filed a motion to compel the production of certain discovery that United States Magistrate Judge Vatti ordered Defendants to produce. The Court has referred that motion to Judge Vatti.

## II. DISCUSSION

### A. Plaintiff's Motion for Default Judgment (ECF No. 103)

First, the Court denies Plaintiff's motion for default judgment against Defendants. The Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). "While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). "In considering a motion for default judgment, [courts are] guided by the same three factors that apply to a motion to set aside entry of a default judgment." *Buttnugget Publ'g v. Radio Lake Placid, Inc.*, 807 F. Supp. 2d 100, 106 (N.D.N.Y. 2011) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). Under this three-factor test, courts must consider "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Buttnugget Publ'g*, 807 F. Supp. 2d at 106 (internal citation omitted).

While the precise line of what conduct is sufficient to overcome the Second Circuit's strong preference is not clear, AAG Graham-Days has certainly come closer to the outermost bounds of that line than any other attorney that has appeared before this Court. The Court does not mince words: the level of incompetence AAG Graham-Days has displayed here is staggering and unflagging in its repetition. But under the first factor, the Court cannot say it rises to the level of willful. AAG Graham-Days' reasons for why she has repeatedly failed to meet the deadlines in this action, such as a heavy workload or international travel, smack of negligence and carelessness, but a finding of willfulness requires "more." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). While the Second Circuit has found willfulness where "the conduct of counsel . . . was egregious

4

and was not satisfactorily explained," *id.*, AAG Graham-Days has not, for example, refused without reason to reply to a motion for summary judgment or failed to advance discovery whatsoever. *See e.g.*, *United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir.1980). Thus, the Court cannot say that AAG Graham-Days' conduct rises to the level of willful here.

Second, refusing to enter a default judgment here would not prejudice Plaintiff. While it is true that AAG Graham-Days' conduct has delayed this action, "delay standing alone does not establish prejudice." *Enron*, 10 F.3d at 98. The case is still at an early stage. The Court understands Plaintiff's concern that failure to impose a default judgment here would cause AAG Graham-Days to "continue to defy Court orders and deadlines," but the Court believes that the precautions taken below will serve as sufficient motivation to prevent this behavior going forward. ECF No. 103 at 4.

Finally, on the third factor, Defendants have asserted a meritorious defense. "Meritorious" in the context of deciding a motion for default judgment does not mean "a likelihood that [the defense] will carry the day, but whether the evidence submitted . . . would constitute a complete defense." *Enron*, 10 F.3d at 98. Defendants' late-filed motion to dismiss asserts both failure to exhaust and qualified immunity as defenses, either of which would be a complete defense if substantiated. *See* ECF No. 112 at 7–11, 16–21. As explained below, the Court will not entertain Defendants' late-filed motion to dismiss, but the allegations of qualified immunity and failure to exhaust contained within it indicate that Defendants possesses complete defenses such that it would be inappropriate to dismiss the case at this early stage of the litigation, through the entry of default judgment.

Accordingly, the Court will allow this case to proceed to a determination on the merits and Plaintiff's motion for default judgment at ECF No. 103 is denied. In dismissing the motion for default judgment, the Court makes clear that it does not reward bad behavior. AAG Graham-Days is operating with no leeway going forward. The Court will not hesitate to impose sanctions for missing any future deadlines in this action. Additionally, excuses of travel, heavy workload, or duties in other cases will *not* be accepted as sufficient explanations for delay. *See* ECF No. 110 at 1–3. AAG Graham-Days has the ability to file a motion for an extension of time should she need one, and there is no excuse for not doing so ahead of any deadline.

B. Defendants' Motion for Extension of Time (ECF No. 110)

Next, the Court denies Defendants' motion for an extension of time to file a dispositive motion. A motion for an extension of time "will not be granted except for good cause." D. Conn. L. R. 7(b)1. Defendants have not presented good cause as to why an extension should be granted here. While the Court understands that the Attorney General's Office is short-staffed, AAG Graham-Days has not explained why she never attempted to file a motion for extension of time as to any of her missed deadlines, until nearly month after her deadline to file an answer or otherwise respond to Plaintiff's second amended complaint. While it appears that AAG Graham-Days was traveling for a portion of October, her trip did not commence until October 17, exactly two weeks *after* her deadline to file an answer or dispositive motion. *See* ECF No. 110 at 2. While AAG Graham-Days argues that her clients "should not be penalized for circumstances beyond anyone's control," the circumstances, and her repeated decision to not file a motion for extension of time, were in fact wholly *within* her control. *Id.* at 3. As such, the Court finds that AAG Graham-Days has not asserted good cause for the requested extension of time, and the Court denies the motion at ECF No. 110.

C. <u>Sanctions</u>

The Court chooses to impose the sanction of denying Defendants' motion to dismiss at ECF No. 112 without leave to refile.  The Court had ordered Defendants to show cause as to why their repeated failure to meet discovery deadlines did not justify sanctions under the Local Rules. *See* ECF No. 101.  As discussed above, Defendants' proffered reasons of being overworked, being locked out of PACER while out of the country and being short-staffed are not sufficient explanations to evade the imposition of sanctions in this instance.

"Both the Supreme Court and the Second Circuit have indicated on numerous occasions that sanctions are often a necessary means of dealing with a party which flouts court orders." *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 56 (S.D.N.Y. 1997) (collecting cases).  Local Rule 16(g) allows a Court to impose sanctions "directly against counsel and any party who disobeys an order of the Court."  Federal Rule of Civil Procedure 16(f) similarly empowers a court in the case scheduling context to "issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order."  Sanctions imposed under Federal Rule 16 do not require a finding of bad faith.  *See Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 454 (S.D.N.Y. 2011).

Here, the minimal prerequisites for sanctions under both the Local and Federal Rules have been met.  Defendants failed to file an answer or dispositive motion until 41 days after their deadline to do so.  *See* ECF Nos. 84, 112.  Further, Defendants failed to reply to the Court's show cause order by the initial deadline.  *See Bryan v. Niagara Bottle Water Inc.*, No. 3:18-CV-00231 (KAD), 2018 WL 11509560, at *2 (D. Conn. Dec. 13, 2018) (listing failure to respond to show cause order as an action justifying sanctions under Federal Rule 16 and recommending dismissal of case).  As the Court issues sanctions pursuant to the Federal and Local Rules, rather than relying on its inherent authority or its authority under 28 U.S.C. § 192, it does not address Defendants'

7

arguments as to when sanctions are appropriate under those authorities. *See* Defs.' Response to Show Cause Order, ECF No. 137, at 3–4.

The Court considers the denial of Defendants' motion to dismiss without leave to be a just and appropriate sanction, which ensures that Defendants cannot flagrantly flaunt the Court's orders, the Local Rules, and the Federal Rules without consequence, while preserving Defendants' ability to raise any failure to exhaust and qualified immunity claims they may have as affirmative defenses in their answer or later, on any motion for summary judgment.

### D. Motion for Appointment of Counsel (ECF No. 132)

The Court also denies Plaintiff's motion for appointment of counsel. Because civil litigants do not have a constitutional right to the appointment of counsel, a court's decision to appoint *pro bono* counsel is discretionary. *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68–69 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." (citation omitted)); *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) ("Broad discretion lies with the district judge in deciding whether to appoint counsel[.]" (citation omitted)); 28 U.S.C. Sec. 1915(e)(1) (permitting district court to appoint *pro bono* counsel for indigent litigant). The Second Circuit has cautioned the district courts against the "routine appointment of counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173–74 (2d Cir. 1989).

Before an appointment of *pro bono* counsel for an indigent litigant is considered, the indigent person must demonstrate that he tried, but was unable, to secure counsel. *Hodge*, 802 F.2d at 61. In addition, the district court must "determine whether the indigent's position seems likely to be of substance." *Id.* at 61; *see also Cooper*, 877 F.2d at 171. If the claims are sufficiently meritorious, the court should then consider other factors bearing on the need for appointment of counsel, including the movant's ability to investigate the factual issues of the case, whether conflicting evidence implicating the need for cross-examination will be the major proof presented,

the movant's apparent ability to present the case, and the complexity of the legal issues involved. *See Hodge*, 802 F.2d at 61–62.

After an initial review of the second amended complaint, the Court determined that certain claims are not facially frivolous and should proceed to service of process. *See* Initial Rev. Order, ECF Nos. 15. Further, the Court had previously appointed *pro bono* counsel for the limited purpose of filing an edited version of Plaintiff's second amended complaint. *See Pro Bono* Order, ECF No. 18. However, neither of these determinations necessarily suggest that the claims are sufficiently meritorious to warrant appointment of *pro bono* counsel for the purpose of litigating Plaintiff's claims. The Court is mindful of the difficulties faced by parties when litigating an action without an attorney, particularly when that party is incarcerated, and recognizes that the Court appointed Plaintiff *pro bono* counsel in his other action pending before the undersigned. However, the Court can only impose upon private attorneys to give their time and efforts without compensation in cases where the plaintiff has demonstrated that the claims have sufficient merit. The present state of the record does not allow the Court to conclude Plaintiff's claims are sufficiently meritorious to make the appointment of counsel appropriate at this time. Thus, Plaintiff's motion for appointment of counsel is without prejudice should development of the facts warrant reassessment of this issue. Plaintiff's motion for a stay of his deadlines to respond to Defendants' motion to dismiss pending resolution of his motion to appoint counsel at ECF No. 134 is likewise denied as moot, given that the Court has denied the motion to dismiss.

    E.  <u>Plaintiff's Other Motions</u>

Finally, the Court turns to Plaintiff's other outstanding related motions. First, Plaintiff's emergency motion for default judgment at ECF No. 118 is denied, for the same reasons the Court has denied Plaintiff's motion for default judgment at ECF No. 103. Plaintiff's motion for

9

clarification at ECF No. 152 as to the application of the Court's stay order issued at ECF No. 142 is also denied as moot.

The Court also denies as moot Plaintiff's motion to strike Defendants' motion to dismiss at ECF No. 124 and his motion to strike Defendants' motion for an extension of time at ECF No. 136. In denying the motions to strike, the Court notes that motions to strike are only applicable to a "pleading," and motions are not pleadings that may be stricken. *See* Fed. R. Civ. P. 7(a) (defining "pleadings" and distinguishing motions from pleadings); *see also Britt v. Elm City Cmtys*, No. 3:17-CV-02159 (JCH), 2018 WL 3574866, at *2 (D. Conn. July 24, 2018); *Clinton v. Perez*, No. 3:19-CV-02010 (VAB), 2021 WL 2515732, at *4–5 (D. Conn. June 19, 2021) (noting that a party's disagreements with a motion filed by an adverse party do not justify striking the motion under Federal Rule of Civil Procedure 12(f)). The proper procedure Plaintiff should follow is filing an *objection* to a motion, rather than burdening the Court with additional motions. This will mitigate potential confusion surrounding response deadlines that may later require further clarification from the Court. *See* ECF Nos. 147, 152.

Plaintiff's motions for sanctions at ECF No. 151 and 154 are also denied as moot in light of this Court's rulings in this order. While Plaintiff's motions request different sanctions and remedies than the ones the Court has chosen here, the choice of which sanctions to impose are within the Court's discretion, and the Court need not adopt all of Plaintiff's recommendations.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion for default judgment at ECF No. 103 and DENIES Defendants' motion for an extension of time at ECF No. 110. Plaintiff's motion for appointment of *pro bono* counsel at ECF No. 132 is DENIED without

prejudice to refiling.  Plaintiff's following motions are denied as moot:  ECF No. 118, ECF No. 124, ECF No. 134, ECF No. 136, ECF No. 151, ECF No. 152, and ECF No. 154.

Defendants' motion to dismiss at ECF No. 112 is denied without leave to refile. Defendants shall file an answer to Plaintiff's second amended complaint by **January 7, 2026**.  The Court will not entertain motions for an extension of time on this deadline.  The Clerk is directed to mail a printed copy of this ruling and the text of the accompanying ECF order to the address Plaintiff has provided.

**SO ORDERED** at Hartford, Connecticut, this 19th day of December, 2025.

           */s/ Sarala V. Nagala*
           SARALA V. NAGALA
           UNITED STATES DISTRICT JUDGE